**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WENDY PARTRIDGE HAMRICK** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 14-1306** |
| **DIXIE MOTORS, LLC, AND**<br>**HEARTLAND RECREATIONAL**<br>**VEHICLES, LLC** | * | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a Motion to Compel Arbitration and Alternative Motion to Dismiss Based on Forum Selection Clause filed by Defendants Dixie Motors, LLC, and Heartland Recreational Vehicles, LLC (Rec. Doc. 4). Having considered the memorandum and applicable law, the Court now issues this order.

## I.    BACKGROUND

This case stems from Plaintiff's purchase of a RV unit from Defendant Dixie Motors on September 13, 2013. The unit in question was manufactured by Defendant Heartland RV. Plaintiff filed suit in this Court on June 5, 2014 alleging that the unit was defective. Plaintiff is seeking damages for breach of warranty, negligent repair, and recession of the contract under both state law and the federal Magnuson-Moss Warranty Act.

## II.    PRESENT MOTION

Defendants have moved to compel arbitration and for dismissal of the case based on arbitration clauses and a forum selection clause contained in agreements signed by Plaintiff.

Specifically, Defendants argue that this Court should compel arbitration based on arbitration clauses in both the "Heartland RV, LLC Limited Warranty Agreement,"and the separate "Arbitration Agreement." Alternatively, Defendants argue that the case should be dismissed pursuant to the forum selection clause contained in the "Heartland RV, LLC Limited Warranty Agreement." Plaintiff has not opposed this motion.

## III.    LAW & ANALYSIS

Under the Federal Arbitration Act, arbitration clauses in contracts involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Both the Supreme Court and the Fifth Circuit have interpreted the Federal Arbitration Act as indicative of a strong federal policy favoring arbitration. *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir. 1993). A party opposing arbitration maintains the burden to show that Congress intended an exception to the FAA. *See Shearson/Am. Exp.*, 482 U.S. at 226. Claims brought under the Magnuson-Moss Warranty Act, such as this one here, are subject to the FAA's federal policy strongly favoring arbitration. *See Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 478-79 (5th Cir. 2002).

The arbitration agreement contained in the "Heartland RV, LLC Limited Warranty Agreement" states that "any and all claims, demands, causes of action or disputes arising out of or relating in any way to this warranty or the recreational vehicle shall be resolved exclusively in arbitration." (Rec.  Doc.  4-2). The agreement further provides that the arbitration will be governed by the Indiana Arbitration Act, the Indiana Uniform Arbitration Act, and the Indiana rules for Alternative Dispute Resolution.  The separate "Arbitration Agreement" also subjects all

claims to arbitration, and broadly defines claims to encompass all of the allegations in Plaintiff's complaint (Rec. Doc. 4-2). Plaintiff has made no argument as to why the arbitration clauses should not bind here.

Defendants also have argued that the case should be dismissed pursuant to the forum selection clause contained in the "Heartland RV, LLC Limited Warranty Agreement," which indicates that all disputes relating to the warranty or the recreational vehicle must be brought in the Elkhart Circuit or Superior Court, Elkhart County, State of Indiana (Rec. Doc. 4-2). The Supreme Court recently noted that dismissal is appropriate where a forum selection clause points to a state or foreign forum. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013). Because the forum indicated in the contract is a state court forum, the instant federal action should be dismissed.

Moreover, the Fifth Circuit has held that, where all the issues raised in a complaint are subject to arbitration, district courts have the discretion to either dismiss a case in its entirety or to issue a stay when presented with a motion to compel arbitration. *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999). Because Plaintiff's complaint should also be dismissed based on the forum selection clause in the "Heartland RV, LLC Limited Warranty Agreement," there is no basis to issue a stay in this case. Dismissal is thus appropriate.

In this case, the Court finds that the parties have agreed to arbitrate all disputes arising out of this contract of sale, which include all of the allegations raised by Plaintiff in her complaint. Plaintiff has not opposed Defendants' motion, therefore has not met her burden of showing an exception to the FAA. Defendants are also entitled to dismissal based on the forum selection clause contained in the "Heartland RV, LLC Limited Warranty Agreement." It is significant that Plaintiff has the right to pursue relief through arbitration, as agreed by contract.

Thus, dismissal does not deprive Plaintiff of any claim she might seek in the appropriate venue.


**IV.      CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendants' motion, (Rec. Doc. 4), is **GRANTED**;

**IT IS FURTHER ORDERED** that the instant action is **DISMISSED**.

New Orleans, Louisiana, this 8th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE